Pirzada v Pirzada (2025 NY Slip Op 04666)

Pirzada v Pirzada

2025 NY Slip Op 04666

Decided on August 13, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 13, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
DEBORAH A. DOWLING
JANICE A. TAYLOR
PHILLIP HOM, JJ.

2023-12432
 (Index No. 800381/22)

[*1]Asra Pirzada, respondent, 
v
Fozan Pirzada, appellant.

Richard A. Kraslow, P.C., Melville, NY, for appellant.
The Law Firm of Poppe & Associates, PLLC, New York, NY (Kamelia Poppe of counsel), for respondent.

DECISION & ORDER
In an action for a divorce and ancillary relief, the defendant appeals from an order of the Supreme Court, Nassau County (Stacy D. Bennett, J.), entered December 19, 2023. The order denied the defendant's motion "pursuant to CPLR § 3001 declaring that the Settlement Agreement placed on the record in open Court in the Prior Action Pending on April 12, 2007 is binding on the parties, and that the parties' distributive and other marital rights are subject to its terms."
ORDERED that the order is affirmed, with costs.
The facts of this case are more fully set forth in this Court's decision and order on a related appeal (see Pirzada v Pirzada, _____ AD3d _____ [Appellate Division Docket No. 2022-07291; decided herewith]). In 2006, the defendant commenced a prior action for a divorce and ancillary relief (hereinafter the 2006 action), which ultimately was abandoned, and the parties continued to live in matrimony. Fifteen years later, the plaintiff commenced this action for a divorce and ancillary relief. The defendant moved, inter alia, pursuant to CPLR 3211(a) to dismiss the amended complaint on the ground that an on-the-record stipulation to settle the 2006 action was binding on the parties in this action. In an order entered August 23, 2022, the Supreme Court, among other things, denied the motion.
The defendant then interposed an answer, which did not include any counterclaims. He subsequently moved "pursuant to CPLR § 3001 declaring that the Settlement Agreement placed on the record in open Court in the Prior Action Pending on April 12, 2007 is binding on the parties, and that the parties' distributive and other marital rights are subject to its terms." In an order entered December 19, 2023, the Supreme Court denied the motion. The defendant appeals.
Neither the amended complaint nor the answer included a cause of action or a counterclaim seeking declaratory relief (see generally CPLR 3017[b]). At best, the defendant's motion was, in effect, a motion for leave to reargue his prior motion, inter alia, pursuant to CPLR 3211(a) to dismiss the amended complaint (see id. § 2221[d]). However, as such a motion, it was improper, as, among other infirmities, it was not identified specifically as such, and was not based upon matters of fact or law allegedly overlooked or misapprehended by the court (see id.).
To the extent that the order appealed from may be considered to have, upon [*2]reargument, adhered to the prior determination in the order entered August 23, 2022, that determination was correct for the reasons set forth in our decision and order on the related appeal (see Pirzada v Pirzada, _____ AD3d _____).
BRATHWAITE NELSON, J.P., DOWLING, TAYLOR and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court